SEYFARTH SHAW LLP
Diana Tabacopoulos (State Bar No.: 128238)
Daniel J. Fazio (State Bar No.: 243475)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*E-filed 5/3/07*

Attorneys for Defendant
WALGREEN CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMYO CHEN,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>WALGREEN CO.; Does 1-25,<br><br>　　　Defendants. | CASE № C:06-CV-07435 RMW (HRL)<br><br>(Removed from Santa Clara Superior Court<br>**CASE NO. 106CV073914)**<br><br>**STIPULATION AND [PROPOSED]**<br>**PROTECTIVE ORDER RE:**<br>**PRODUCTION OF CONFIDENTIAL**<br>**INFORMATION**<br>　**AS AMENDED BY THE COURT** |

　　　Plaintiff DAIMYO CHEN ("Plaintiff") and Defendant WALGREEN CO. ("Defendant") (collectively "the parties") hereby stipulate by and through their respective attorneys of record as follows:

　　　1.　　The parties acknowledge that discovery in this lawsuit may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary and/or otherwise confidential in nature.

　　　2.　　The parties hereby agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic

1  information and materials produced by a party or non-party in the course of this action as
2  "Confidential" (hereafter referred to as "Confidential Information").  "Confidential Information"
3  is information that has not been made public and that refers to, describes, or consists of the
4  disclosure of confidential, proprietary, or otherwise non-public business, technical, or financial
5  information, employee personnel and earnings information, or information protected by third-
6  party privacy rights.  Confidential Information includes not only the information contained in
7  documents and other materials designated as such pursuant to this Order, but also to any
8  summaries, copies, abstracts, compilations, or other documents or material derived from
9  Confidential Information.  The parties acknowledge that the only information to be designated as
10 Confidential Information is that which is properly subject to protection under Fed. R. Civ. P. 26(c).  The parties will not
11 designate as "Confidential" any discovery material without first making a good faith
12 determination that such protection is warranted.

13       3.    This order does not preclude any party from challenging a confidentiality designation.  The party or third party asserting the Confidential designation as to any Discovery
14 Material shall have the burden of justifying that designation consistent with California law.
15 Until the Court rules otherwise, the challenged Discovery Material shall be treated as
16 Confidential.

17       4.    In the case of documents and other materials produced by a party, the
18 "Confidential" designation shall be made at the time of production.  A producing party may
19 designate as "Confidential," in whole or in part, any documents or other materials by so advising
20 all other parties and by marking any copies of the documents or other materials, in a manner not
21 affecting legibility, with the word "Confidential."  Any party may obtain confidential treatment
22 for documents or other materials previously produced by any party or non-party without such
23 designation if the party seeking the designation sends written notice of such designation to all
24 other parties or non-parties in the possession of such documents or other materials and within
25 thirty (30) days of their production marks the subject documents or other materials with the word
26 "Confidential" and reproduces them.  All documents and other materials produced by a non-
27 party and not designated as "Confidential" by a party at the time of their production shall
28

1  nonetheless be treated as Confidential Information for thirty (30) days following such
2  production.
3       5.     With respect to testimony elicited during depositions, whenever counsel for a
4  party deems that any question or line of questioning calls for the disclosure of information that
5  should be treated as Confidential Information, counsel may: (i) designate on the record prior to
6  such disclosure that such information is being designated as "Confidential" or (ii) give written
7  notice to all other counsel that such information is being designated as "Confidential" within
8  twenty-one (21) days after receiving a copy of the deposition transcript.
9       6.     Confidential Information will be held by the receiving party exclusively for use in
10 connection with the above-captioned action and any appeals thereof.  A party shall not
11 disseminate any Confidential Information produced by the other party or by a non-party except
12 as necessary for use in these proceedings, and subject to the further restrictions set forth in
13 paragraph 6, below.  The parties shall take reasonable and prudent measures to safeguard the
14 confidentiality of all Confidential Information.
15      7.     Confidential Information shall not be used or disclosed directly or indirectly by
16 the party receiving such Confidential Information to persons other than:
17      (a)     The Court, persons employed by the Court, the stenographer transcribing
18 the testimony or argument at a hearing, trial, or deposition in this action, and any special master
19 or mediator appointed by the court or agreed-to by the parties;
20      (b)     Counsel of record for any party to this action, as well as regular employees
21 of such counsel, and outside copy services, used to assist in the defense or prosecution of this
22 litigation;
23      (c)     Experts and consultants retained by any party or counsel of record for any
24 party to assist in the defense or prosecution of this litigation;
25      (d)     Any individual party; and
26      (e)     Any employee, former employee, agent or independent contractor of any
27 party who is requested by counsel to assist in the defense or prosecution of this litigation,
28 provided, however, that disclosure of the Confidential Information to said individual is made

only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance.

8. Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 6(c) or 6(e) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way and a copy shall be mailed to counsel for all other parties within three (3) days of such disclosure. The designator of the Confidential Information shall have fourteen (14) days after receipt of such notification to file a motion for a protective order seeking to prevent or limit such disclosure. If such a motion is filed in that fourteen (14) day period, the party intending to make the disclosure shall not disclose the Confidential Information until the motion is resolved by the Court.

9. Any party may object to the designation of particular documents or other materials as "Confidential" by giving written notice to the party making the designation and to all other parties within fourteen (14) days of such designation. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot be resolved within fourteen (14) days of the giving of such written notice, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting a ruling by the Court that the disputed documents or other materials not be designated "Confidential." The disputed documents or other materials shall be treated as "Confidential" pending a ruling from the Court.

10. In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use.

11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

12.     Subject to the provisions of the Civil Local Rules of the United States District Court for the Northern District of California, Rule 79-5, documents or other materials filed by any party with the Court before, during, or after trial that contain Confidential Information shall be filed with the Clerk of the Court under seal and subject to further order of the Court.  Any such materials filed and/or lodged under seal with the Court shall be filed and/or lodged separately in a sealed envelope marked in accordance with the provisions of Local Rule 79-5.

13.     Any party may consent to have any documents or other materials it previously designated as "Confidential" removed from the scope of this Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition.  Nothing contained in this Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate.

14.     The provisions of this Order shall not terminate at the conclusion of these actions. Within 120 days of final conclusion of all aspects of this litigation, including any and all appeals, documents and other materials stamped or otherwise identified as "Confidential" and all copies of same (other than exhibits of record) shall be returned to the party that produced such documents or, at the option of the producing party, destroyed.  All counsel of record shall execute a certification of compliance herewith and shall deliver the same to counsel for the party that produced the documents not more than 120 days after final termination of this litigation. The court shall retain jurisdiction to enforce the terms of this order for six months after final termination of the action.

15.     The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney client privilege and the protection afforded to work product materials.

16.     If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such discovery material and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such discovery material

1  and information.  The party that has inadvertently produced or disclosed such information shall,
2  within ten (10) business days after such material is returned to it, provide a privilege log
3  identifying the discovery material and the copies returned to the producing party such that the
4  non-producing party is able to challenge the producing party's claim that the discovery materials
5  are privileged or otherwise protected.
6        17.    This Stipulation and Order is subject to revocation and modification by order of
7  the Court, upon written stipulation of the parties, or upon motion and reasonable notice.

DATED: April __, 2007                    UNITED EMPLOYEES LAW GROUP, P.C.

                                                By_____
                                                    Charles Correia

                                                Attorneys for Plaintiff
                                                DAIMYO CHEN

DATED: April __, 2007                    SEYFARTH SHAW

                                                By_____
                                                    Diana Tabacopoulos

                                                Attorneys for Defendant
                                                WALGREEN CO.

I hereby certify that I have originals of all signatures on file in my office.
/s/ Daniel J. Fazio

**ORDER**

GOOD CAUSE APPEARING, it is hereby ORDERED, ADJUDGED, AND DECREED that all parties to this action shall obey the provisions of the attached Stipulation.

**IT IS SO ORDERED.**

Dated: May 3, 2007

The Honorable Howard R. Lloyd

EXHIBIT A
CONSENT TO BE BOUND

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the Stipulation and Protective Order Re: Production of Confidential Information (the "Protective Order") in this coordinated action entitled *Daimyo Chen v. Walgreen Co. et al.*  I have carefully read the provisions of the Protective Order, and I understand those provisions.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" that I receive or view in this action.

4. I further irrevocably consent to the jurisdiction of the United States District Court for the Northern District of California for the limited purposes of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2007.

_____
Signature